1  STEVEN T. GUBNER (Bar No.156593)
   THEODORE G. SPANOS (Bar No.126354)
2  TALIN KESHISHIAN (Bar No. 201830)
3  BG LAW LLP
   21650 Oxnard Street, Suite 500
4  Woodland Hills, CA 91367
   Tel: (818) 827-9000
5  Fax: (818) 827-9099
   Email: sgubner@bg.law
6         tspanos@bg.law
7         tkeshishian@bg.law

8  Attorneys for Plaintiff and Counter-Defendant
   SHEWAK LAJWANTI HOME FASHIONS, INC.
9

**NOTE: CHANGES MADE BY THE COURT**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEWAK LAJWANTI HOME FASHIONS, INC., a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MAVERICK INTERNATIONAL, LTD, a domestic Texas-based limited partnership; and PRISTEX MEDICAL, LLC, a Delaware limited liability company,<br><br>    Defendants.<br><br>MAVERICK INTERNATIONAL, LTD, a Texas Domestic Limited Partnership,<br><br>    Counter-Complainant,<br><br>v.<br><br>SHEWAK LAJWANTI HOME FASHIONS, INC., a California corporation,<br><br>    Counter-Defendant. | Case No. 2:21-cv-004717-FLA (JPRx)<br><br>**JOINT STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL INFORMATION** |

1

To facilitate the production and receipt of information during discovery in the above-captioned litigation, the parties agree and stipulate, through their respective counsel, to the entry of the following Stipulated Protective Order regarding the production of Confidential Information that may be produced or otherwise disclosed during the course of this litigation by any party or non-party.

## ORDER

IT IS HEREBY ORDERED that the parties shall obey the following rules regarding the production of Confidential Information in the above-referenced matter:

## CONFIDENTIAL INFORMATION

1. The parties acknowledge that discovery in this action may require the disclosure of documents and other materials that are trade secret, commercially sensitive, proprietary, private or otherwise confidential in nature. Such confidential material and proprietary materials and information may consist of, among other things, confidential business or personal financial information, information regarding confidential business practices, or other confidential, research development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. To protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.      The parties hereby agree that any party or non-party subject to discovery in this action may designate documents; deposition testimony, transcripts, and exhibits; responses to interrogatories; responses to requests for admission; and other written, recorded, or graphic information and materials produced by a party or non-party in the course of this action as "Confidential" (hereafter referred to as "Confidential Information").

3.      "Confidential Information" is information that has not been made public and that refers to, describes, or consists of the disclosure of confidential, proprietary, or otherwise non-public business, personal, technical, or financial information, employee personnel and earnings information, information protected by third-party privacy rights, or information which, if disclosed, will have the effect of causing harm to the parties' competitive position.  Confidential Information includes not only the information contained in documents and other materials designated as such pursuant to this Stipulated Protective Order, but also to any summaries, copies, abstracts, compilations, or other documents or material derived from Confidential Information.  The parties acknowledge that the only information to be designated as Confidential Information is that which is properly subject to protection.  The parties will not designate as "Confidential" any discovery material without first making a good faith determination that such protection is warranted.

4.      Any Confidential Information shall be designated "Confidential" by the parties by so identifying the material with the appropriate legend.  Whenever counsel for a party deems that any question or line of questioning calls for the disclosure of information that should be treated as Confidential Information, or when Confidential Information is used during or in connection with a deposition, counsel may: designate on the record prior to such disclosure that such information is being designated as "Confidential."  Only those portions of the transcript of the deposition designated "Confidential" shall be so treated.

5.      Each party or non-party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to monetary or other sanctions.  If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party must promptly notify all other parties that it is withdrawing the inapplicable designation.

## AUTHORIZED USE AND DISCLOSURE

6.      All Confidential Information produced, disclosed, or exchanged in the course of this litigation shall be used by the parties solely for the purpose of this litigation, and for no other purpose.

7.      Any Confidential Information shall not be disclosed to any person without the written consent of counsel for the designating party, except that disclosure may be made to:

a.      The parties' counsel in this litigation and their employees, secretaries, and paralegals, provided that each non-lawyer given access to Confidential Information shall be advised that such Confidential Information is being disclosed pursuant to, and is subject to, the terms of this Stipulated Protective Order and that the Confidential Information may not be disclosed other than pursuant to the terms of this Stipulated Protective Order;

        b.    Outside consultants or experts retained to assist counsel in this action and their agents or employees;

        c.    Mock jury participants;

        d.    Any deposition or non-trial hearing witness in this litigation who previously had access to the Confidential Information, or who is currently or was previously an officer, director, partner, member, employee, or agent of an entity that had access to the Confidential Information, provided that each such witness given access to Confidential Information shall be advised that such Confidential Information is being disclosed pursuant to, and is subject to, the terms of this Stipulated Protective Order and that the Confidential Information may not be disclosed other than pursuant to the terms of this Stipulated Protective Order;

        e.    Any other person the party designating the Confidential Information as confidential agrees to in writing;

        f.    Court reporters/certified shorthand reporters in this litigation, even if not provided by the Court, whether at depositions, hearings, or any other proceeding; or,

        g.    The Court, its personnel and its reporters.

    8.    Any party that seeks to make disclosure of Confidential Information permitted under this Stipulated Protective Order to a person listed in subparagraphs 7(a) - 7(f) above shall, prior to such disclosure, advise the recipient of such information of the contents of this Stipulated Protective Order and require each such person to whom such disclosure is made to execute an undertaking in the form attached hereto as **Exhibit A**. All such undertakings shall be retained by counsel for the party who discloses Confidential Information in this way. The Court, its personnel and its reporters do not have to sign the undertaking attached as **Exhibit A**.

    9.    The parties shall meet and confer regarding the procedures for use of Confidential Information at trial and shall move the Court for entry of an appropriate order, which may be done orally at the final pretrial conference. The extent and

manner in which any Confidential Information may be used at trial shall be decided by the Court after all parties have had an opportunity to be heard.  Nothing herein shall be construed to affect in any manner the admissibility as evidence of any information or document.

## PROCEDURES FOR FILING WITH THE COURT

10. Any Confidential Information that is filed with or submitted to the Court shall be accompanied by an application to file the papers or the portion thereof containing Confidential Information (if such portion may be segregated from the remainder of the document, transcript, pleading or other item containing Confidential Information) under seal.  If any Confidential Information is submitted to the Court under seal, the party submitting the Confidential Information shall file a copy of the pleading containing the Confidential Information in redacted form.  Central District Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

## PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

11. Nothing in this Stipulated Protective Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

12. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential," that party must:

    a. promptly notify in writing the designating party, and such notification shall include a copy of the subpoena or court order unless prohibited by law;

    b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, and such notification shall

include a copy of this Stipulated Protective Order; and

      c.    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected. If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

## MISCELLANEOUS PROVISIONS

13. Entering into, agreeing to, or producing or receiving Confidential Information or otherwise complying with the terms of this Stipulated Protective Order shall not:

      a.    prejudice in any way the rights of the parties to object to the authenticity or admissibility into evidence of any Confidential Information;

      b.    prejudice in any way the rights of the parties (or any other person subject to the terms of this Stipulated Protective Order) to seek a determination by the Court of whether any particular Confidential Information should be subject to protection as "Confidential" under the terms of this Stipulated Protective Order;

      c.    prejudice in any way the rights of the parties (or any other person subject to the terms of this Stipulated Protective Order) to seek relief from the Court, on appropriate notice to all other parties to this litigation, from any provision(s) of this Stipulated Protective Order, either generally or as to any particular document, material, or information;

      d.    prejudice in any way the rights of the parties to petition the Court for a further protective order relating to any purportedly Confidential Information;

   e. prevent the parties to this Stipulated Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material;

   f. limit a party's ability to grant non-parties access to its own Confidential Information;

   g. prejudice in any way the rights of the parties (or any other person subject to the terms of this Stipulated Protective Order) to seek relief from the Court, on appropriate notice to all other parties to this action, from any provision(s) of this Stipulated Protective Order, either generally or as to any particular document, material, or information;

   h. prevent a party or third party from objecting to discovery which it believes to be improper, including objections based upon the privileged, confidential, or proprietary nature of the Confidential Information requested.

 14. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the parties must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.  No action taken in compliance with it shall operate as an admission by the parties that any particular document or information is or is not confidential.

 15. If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential Information or Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith.  If the parties are unable to resolve their dispute informally, the producing party may present a motion to the Court, pursuant to Central District Local Rules 37-1 through 37-4.  The producing party shall have the burden on any designation motion of establishing the applicability of its "CONFIDENTIAL" designation.  The information shall continue to have Confidential status until the

Court issues a decision on the motion.

16. The entry of this Stipulated Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things.

17. Any party may consent to have any documents or other materials it previously designated as "CONFIDENTIAL" removed from the scope of this Stipulated Protective Order by so notifying counsel for the other parties in writing or by so stating on the record at any hearing or deposition. Nothing contained in this Stipulated Protective Order shall prevent any party from disclosing its own Confidential Information as it deems appropriate.

18. The receiving party will maintain the documents received and marked confidential in its secure litigation files which are destroyed after five (5) years. Any copies made during the litigation will be destroyed at the end of litigation.

19. The inadvertent production or disclosure of any privileged or otherwise protected information by any party shall not constitute, or be considered as a factor suggesting, a waiver or impairment of any claims of privilege or protection, including but not limited to, the attorney-client privilege and the protection afforded to work product materials.

20. If any privileged or otherwise protected information is inadvertently produced, the producing party must provide written notice to any other parties that such information, or discovery material containing such information, has been inadvertently produced or disclosed. Within three (3) business days of the receipt of such notice, each other party shall return to the producing party all such discovery material and copies thereof identified in the notice in its possession, and shall make reasonable efforts to reclaim and return any such discovery material and information. The party that has inadvertently produced or disclosed such information shall, within ten (10) business days after such material is returned to it, provide a privilege log identifying the discovery material and the copies returned to the producing party such

that the non-producing party is able to challenge the producing party's claim that the discovery materials are privileged or otherwise protected.

21. This Stipulated Protective Order may be modified by agreement of the parties, subject to the approval of the Court.

22. Any person who signs the Agreement attached as **Exhibit A** shall also obey the provisions of the Stipulated Protective Order.

23. Failure to comply with the Stipulated Protective Order may subject the non-compliant individual to sanctions and punishment in the nature of contempt.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: November 16, 2022

STEVEN T. GUBNER
THEODORE G. SPANOS
BG LAW LLP

By: /s/ Steven T. Gubner
Steven T. Gubner
Theodore G. Spanos
Talin Keshishian
Attorneys for Plaintiff and Counter-Defendant
SHEWAK LAJWANTI HOME FASHIONS, INC.

Dated: November 16, 2022

ANDRE CRONTHALL
SHEPPARD MULLIN

By: /s/ Andre Cronthall
Andre Cronthall
Attorneys for Defendant and Counter-Complainant
MAVERICK INTERNATIONAL LTD.

Dated: November 16, 2022

JOSH I. KEANE
BLAU | KEANE LAW GROUP, P.C

```
                              By:  /s/ Josh I. Keane
                                   Josh I. Keane
                                   Attorneys for Defendant
                                   PRISTEX MEDICAL, LLC



Dated:   November 18, 2022    By:  JEAN P. ROSENBLUTH
                                   U.S. MAGISTRATE JUDGE
```

# EXHIBIT A
# CONSENT TO BE BOUND

I, _____, declare:

1. My address is _____. My present occupation is _____.

2. I have received a copy of the ORDER GRANTING JOINT STIPULATED PROTECTIVE ORDER OF CONFIDENTIAL INFORMATION ("Stipulated Protective Order") in this action entitled *Shewak Lajwanti vs. Maverick Int'l, et al*, United States District Court Case No. 2:21-cv-04717-FLA (JPRx).

3. I certify that I understand that the Confidential Information is provided to me subject to the terms and restrictions of the Stipulated Protective Order.

4. I will comply with all of the provisions of the Stipulated Protective Order. I will hold in confidence and will not copy or use except for purposes of this action any information designated as "Confidential" that I receive or view in this action. I further understand that I am to retain in a secure manner all copies of all Confidential Information provided to me and that all copies of such Confidential Information are to remain in my personal custody until termination of my participation in this action, whereupon I will return the copies of such Confidential Information to the attorney who provided me with such Confidential Information.

5.  I further irrevocably consent to the jurisdiction of the United States District Court, Central District of California, for the limited purposes of any proceeding to enforce or to secure compliance with the terms of the Stipulated Protective Order or to punish the breach of any terms of the Stipulated Protective Order.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this _____ day of _____, _____.

_____
Signature